NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| EVELYN ALVAREZ,<br><br>            Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>            Defendant. | Civil Action No. 12-6205 (ES)<br><br>**OPINION** |

**SALAS, District Judge**

Before the Court is an appeal filed by Evelyn Alvarez ("Claimant" or "Ms. Alvarez") seeking review of an Administrative Law Judge's decision denying her applications for Disability Insurance Benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act, respectively. (D.E. No. 1, Compl.). The Court decides the matter without oral argument pursuant to Federal Rule of Civil Procedure 78(b). The Court has subject matter jurisdiction pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3). For the reasons set forth below, the Court VACATES the Commissioner's decision and REMANDS for further administrative proceedings consistent with this Opinion.

**I.  Background**

Ms. Alvarez is a 60-year-old woman who suffers from back pain and diabetes. (R. at 115).[1] Ms. Vasquez applied for Disability Insurance Benefits and Supplemental Security Income on October 21, 2008, alleging disability since March 15, 2004. (R. at 115-123). Her claims

---

[1] The Court uses the initial "R." to refer to the administrative record, which, though divided into nine attachments due to its volume, is continuously paginated. (D.E. No. 9). A complete index of the documents included may be found at D.E. No. 9-1.

were denied initially on July 2, 2009, (R. at 51-60), and upon reconsideration on October 27, 2009, (R. at 66-71). Shortly thereafter, Ms. Alvarez requested a hearing before an Administrative Law Judge ("ALJ"), (R. at 72-74), which was held on November 15, 2010 before ALJ Dennis O'Leary ("ALJ O'Leary" or "the ALJ"), (R. at 23-46).

On December 2, 2010, the ALJ issued a decision, finding that Ms. Alvarez is not disabled, as defined by sections 216(i), 223(d), and 1614(a)(3)(A) of the Social Security Act, because despite the severe impairments of back pain and diabetes, Ms. Alvarez retained the residual functional capacity ("RFC") to perform the full range of sedentary work and could perform her past relevant work as a clerical worker. (R. at 13-17). Though Ms. Alvarez requested review of the decision, (R. at 114), the Appeals Council "found no reason under [its] rules" to do so and denied her request for review on August 24, 2012, rendering the decision of ALJ O'Leary "the final decision of the Commissioner of Social Security in [her] case," (R. at 1).

On October 3, 2012, Ms. Alvarez filed a complaint with this Court, appealing the final decision of the Commissioner of Social Security ("Defendant" or "Commissioner"). (D.E. No. 1, Compl.). The administrative record was received on February 15, 2013, (D.E. No. 9), and the parties have briefed the issues raised by Ms. Alvarez's appeal, which are discussed in full below. (D.E. No. 12, Br. in Supp. of Pl. Evelyn Alvarez ("Pl. Br."); D.E. No. 15, Def.'s Br. Pursuant to Local Civil Rule 9.1 ("Def. Br."); D.E. No. 16, Reply Br. in Supp. of Pl. Evelyn Alvarez ("Pl. Reply")).

## II. Legal Standards

### A. Standard for Awarding Benefits

In order to be eligible for Disability Insurance Benefits ("DIB") or Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act ("the Act"), respectively, a

claimant must establish that he or she is disabled as defined by the Act. *See* 42 U.S.C. §§ 423 (Title II), 1382 (Title XVI). Claimants seeking DIB must also satisfy the insured status requirements set forth in § 423(c), while those seeking SSI must fall within the income and resource limits set forth in §§ 1382a and 1382b.

An individual is deemed disabled under both titles if he or she is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a) (regarding DIB); § 1382c(a)(3)(A) (regarding SSI). Furthermore, the individual's physical or mental impairment(s) must be "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(a); § 1382c(a)(3)(B).

The Social Security Administration has established the following five-step, sequential evaluation process to determine whether an individual is disabled:

> (i) At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled. . . .
>
> (ii) At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in § 404.1509, or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled. . . .
>
> (iii) At the third step, we also consider the medical severity of your impairment(s). If you have an impairment(s) that meets or equals one of our listings in appendix 1 of [20 C.F.R. Part 404, Subpart P] and meets the duration requirement, we will find that you are disabled. . . .

3

(iv) At the fourth step, we consider our assessment of your residual functional capacity and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled. . . .

(v) At the fifth and last step, we consider our assessment of your residual functional capacity and your age, education, and work experience to see if you can make an adjustment to other work. If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled. . . .

20 C.F.R. §§ 404.1520(a)(4) (DIB), 416.920(a)(4) (SSI). If at any point in this sequence the Commissioner finds that the individual is or is not disabled, the appropriate determination is made and the evaluation stops. *Id.*

When evaluating medical evidence, an ALJ must give controlling weight to and adopt the medical opinion of a treating physician if it "is well-supported . . . and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). Not inconsistent does not mean that the opinion must "be supported directly by all of the other evidence (i.e., it does not have to be consistent with all the other evidence) as long as there is no other substantial evidence in the case record that contradicts or conflicts with the opinion." *Williams v. Barnhart*, 211 F. App'x 101, 103 (3d Cir. 2006). Even where the treating physician's opinion is not required to be given controlling weight, the opinion is not necessarily rejected and may still be entitled to deference "depending upon the extent to which supporting explanations are provided." *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999). If the medical evidence of different physicians conflicts, "the ALJ may choose whom to credit but 'cannot reject evidence for no reason or for the wrong reason.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (quoting *Plummer* 186 F.3d at 429). "In choosing to reject the treating physician's assessment, an ALJ may not make 'speculative inferences from medical reports' and may reject 'a treating physician's opinion outright only on the basis of contradictory medical evidence' and

4

not due to his or her own credibility judgments, speculation or lay opinion." *Id.* (quoting *Plummer*, 186 F.3d at 429).

Once the ALJ has found a "medically determinable impairment(s)," he or she evaluates the "intensity, persistence, and functionally limiting effects of [the] symptoms" to determine their effect on the individual's capacity to do "basic work activities." 20 C.F.R. §§ 404.1529(c), 416.929(c). It is at this point in the disability determination that the ALJ considers the statements made by the claimant and must make a specific finding as to the individual's credibility. *See Barnhart*, 211 F. App'x at 104-05; *see also* SSR 96-7p ("clarify[ing] *when* the evaluation of symptoms . . . requires a finding about the credibility of an individual's statements") (emphasis added). In determining such credibility, the ALJ must consider the entire record, including medical evidence, statements made by the claimant and third parties regarding the claimant's impairment and its functional effects, and all other relevant evidence. *Barnhart,* 211 F. App'x at 104. Finally, although an ALJ's credibility determination is entitled to deference, the ALJ must provide "specific reasons for the finding on credibility, supported by the evidence in the case record." *Id.*; *see Reefer v. Barnhart,* 326 F.3d 376, 380 (3d Cir. 2003) (Courts "ordinarily defer to an ALJ's credibility determination because he or she has the opportunity at a hearing to assess a witness's demeanor").

**B. Burden of Proof**

The five-step sequential evaluation process involves a shifting burden of proof. *See Wallace v. Sec'y of Health & Human Servs.*, 722 F.2d 1150, 1153 (3d Cir. 1983). At step one, the claimant has the burden of establishing that she has not engaged in "substantial gainful activity" since the onset of the alleged disability, and, at step two, that she suffers from a "severe impairment" or "combination of impairments." 20 C.F.R. §§ 404.1520(a)-(c), 416.920(a)-(c). If

the claimant is able to demonstrate both that she has not engaged in substantial gainful activity and that she suffers from a severe impairment, the claimant must then demonstrate—at step three—that her impairments are equal to or exceed one of the impairments listed in Appendix 1 of 20 C.F.R. Part 404, Subpart P ("the listings"). 20 C.F.R. §§ 404.1520(d), 416.920(d). If she is able to make this showing then she is presumed disabled. *Id.* If she cannot make this showing, then before proceeding to step four the Commissioner must determine the individual's residual functioning capacity ("RFC"), 20 C.F.R. §§ 404.1520(e), 416.920(e), which is defined as the most the individual is capable of doing despite her limitations, including those that are not severe, and is based on all relevant evidence in the record. 20 C.F.R. §§ 404.1545(a)(1)-(2), 416.945(a)(1)-(2). Once the individual's RFC is determined, at step four she must show that her RFC does not permit her to return to her previous work. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant meets this burden, at step five the burden shifts to the Commissioner to demonstrate that the claimant can perform other substantial gainful work. 20 C.F.R. § 404.1520(g), 416.920(g). If the Commissioner cannot meet this burden then the claimant is deemed disabled and shall receive the benefits sought. 20 C.F.R. § 404.1520(a)(4)(v), 416.920(a)(4)(v).

### C. Standard of Review

Upon review, the Court must affirm the Commissioner's decision if it is "supported by substantial evidence." 42 U.S.C. §§ 405(g), 1383(c)(3); *Stunkard v. Sec'y of Health & Human Servs.*, 841 F.2d 57, 59 (3d Cir. 1988); *Doak v. Heckler*, 790 F.2d 26, 28 (3d Cir. 1986). Substantial evidence is more than a "mere scintilla" of evidence and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229

(1938)). Although substantial evidence requires "more than a mere scintilla, it need not rise to the level of a preponderance." *McCrea v. Comm'r of Soc. Sec.*, 370 F.3d 357, 360 (3d Cir. 2004).

In reviewing an ALJ's decision, the Court must look to the ALJ's "expression of the evidence s/he considered which supports the result," as well as the reasoning behind the rejection of certain evidence to determine if substantial evidence supports the findings. *See Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981). An ALJ's reasoning for weighing or rejecting evidence is particularly important when there is "conflicting probative evidence in the record." *Id.* at 706. The Court is bound by the ALJ's findings that are supported by substantial evidence "even if [it] would have decided the factual inquiry differently." *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). Thus, this Court is limited in its review in that it cannot "weigh the evidence or substitute its conclusions for those of the fact-finder." *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992).

## III. ALJ O'Leary's Decision

As a preliminary matter, ALJ O'Leary determined that Ms. Alvarez "has acquired sufficient quarters of coverage to remain insured through December 31, 2008[,]" and therefore meets the insured status requirements of 42 U.S.C. §§ 423 through that date.[2] (R. at 11). Accordingly, ALJ O'Leary ruled that Ms. Alvarez must establish disability "on or before [December 31, 2008] in order to be entitled to a period of disability and disability insurance benefits." (R. at 11).

At step one, ALJ O'Leary determined that Ms. Alvarez "has not engaged in substantial gainful activity since March 15, 2004, the alleged onset date." (R. at 13).

---

[2] ALJ O'Leary makes no mention of whether Ms. Alvarez satisfied the income or resource limitations required for eligibility for SSI, as set forth in 42 U.S.C. §§ 1382a and 1382b. But, as neither party has raised this issue, the Court need not address it. The Court will presume ALJ O'Leary found that these requirements had been satisfied.

At step two, ALJ O'Leary determined that Ms. Alvarez "has the following severe impairments: back and diabetes." (R. at 13).

At step three, ALJ O'Leary determined that Ms. Alvarez "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments" found in the Appendix 1 listings. (R. at 13). The ALJ noted that Ms. Alvarez's impairments neither meet nor are equivalent to the criteria set forth in Listings 1.04 and 11.01. (R. at 13). In support of this determination, the ALJ found that the "medical evidence does not establish the requisite evidence of nerve root compression, spinal arachnoiditis or lumbar spinal stenosis under listing 1.04." (R. at 13). The ALJ also found that the "evidence did not demonstrate the severity of neuropathy, acidosis or retinitis proliferans required under listing 9.08 for diabetes mellitus." (R. at 13).

Before proceeding to step four, ALJ O'Leary found that Ms. Alvarez "has the residual functional capacity to perform the full range of sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a)." (R. at 14). At step four, the ALJ found that Ms. Alvarez's "impairments could reasonably be expected to produce the alleged symptoms; however, [her] statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." (R. at 17). ALJ O'Leary also considered the assessments submitted by Ms. Alvarez's treating physicians but accorded them little weight, because they were "not supported by objective clinical findings and [were] inconsistent with other substantial evidence." (R. at 17). The ALJ determined that Ms. Alvarez "is capable of performing past relevant work as a clerical worker." (R. at 17). Specifically, ALJ O'Leary found that this work did not "require the

performance of work related activities precluded by [Ms. Alvarez's] residual functional capacity[.]" (R. at 17).

Accordingly, the ALJ found that Ms. Alvarez is not disabled under sections 216(i), 223(d), and 1614(a)(3)(A) of the Social Security Act. (R. at 18).

## IV. Arguments on Appeal

On appeal, Ms. Alvarez asserts that the "ALJ failed to follow the treating physician rule." (Pl. Br. at 11-15). Specifically, Ms. Alvarez claims that a treating physician's opinion should be accorded great weight if it is well supported by medically acceptable clinical and laboratory techniques and is not inconsistent with other substantial evidence. (*Id.* at 11). Ms. Alvarez avers that the ALJ failed to explain "what clinical and objective findings were insufficient" and failed to cite to other inconsistent substantial evidence. (*Id.* at 12). Even if the treating physician's opinions did not meet the test for controlling weight, Ms. Alvarez argues that the ALJ failed to identify a specific finding under the factors in 20 C.F.R. § 404.1527(c)(2) and § 416.927(c)(2)-(6) to justify giving little weight to the treating physician's opinion. (*Id.* at 14). Lastly, Ms. Alvarez claims that the ALJ failed to support his RFC finding that she could perform the full range of sedentary work by simply stating that his conclusion was based on "the evidence as a whole." (*Id.* at 14-15).

Ms. Alvarez next argues that the "ALJ failed to properly evaluate [her] credibility." (*Id.* at 16-20). She criticizes the ALJ's boilerplate language—i.e., that her statements were "not credible to the extent they are inconsistent with the above residual functional capacity assessment"—because comparing the claimant's testimony against a pre-determined RFC runs contrary to the appropriate legal standard. (*Id.* at 17-18). To the extent the ALJ did consider the record before making the RFC determination, Ms. Alvarez argues that the ALJ failed to "give in-

9

depth consideration" to Plaintiff's testimony on her symptoms and limitations, particularly her ability to perform sedentary work and her ability to perform marginal activities of daily living. (*Id.* at 19-20).

Finally, Ms. Alvarez contends that the "ALJ failed to consider [her] obesity" at all in his decision. (*Id.* at 21-22). The claimant contends that she also suffers from a level II obesity that when combined with other severe impairments impacts her functional capacity. (*Id.*).

Based on these alleged errors, Ms. Alvarez asks this Court to reverse and remand for an award of benefits, or, in the alternative, to remand for a new hearing. (*Id.* at 22).

In response to Ms. Alvarez's allegations of error, the Commissioner argues that ALJ O'Leary's decision is supported by substantial evidence and should be affirmed. (Def. Br. at 2). The Commissioner contends that the ALJ properly considered the medical evidence, as well as Ms. Alvarez's credibility and obesity. (*Id.* at 5-10). Finally, the Commissioner asserts that an award of benefits is not warranted. (*Id.* at 10).

**V.     Analysis**

Before step four, the ALJ must assess the claimant's RFC, which is then evaluated in step four with the claimant's past relevant work. 20 C.F.R. § 404.1452(a)(4) & (a)(4)(iv). For the reasons set forth below, however, the Court finds errors in ALJ O'Leary's RFC and step four analyses that mandate remand.

   **A. Physicians' Opinions**

ALJ O'Leary's determination that the opinion from the claimant's treating physician, Dr. Joseph Vitale, should be given "little weight" is conclusory. The ALJ found: "[T]he opinions in this case are not supported by objective medical findings and are inconsistent with other

substantial evidence. While there is evidence of a back condition, the medical evidence shows very little treatment. Therefore, these opinions are accorded little weight." (R. at 17).

To show that the opinion of Dr. Vitale deserved little weight, ALJ O'Leary had to point to specific evidence to demonstrate that the treating physician's opinion was not well-supported by objective clinical findings or that it was directly contradicted by other substantial medical evidence in the record. *See* 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); *Plummer*, 186 F.3d at 429. The opinions of treating physicians do not need to be "supported directly by all of the other evidence so long as there is no other substantial evidence that contradicts or conflicts with the opinion." *Barnhart*, 211 F. App'x at 103. However, ALJ O'Leary does not support or explain how Dr. Vitale's opinion is unsupported by objective findings, nor does he point to any specific medical evidence in the record that directly contradicts the doctor's assessments. *See Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 433 (3d Cir. 1999) ("[T]he ALJ must indicate in his decision which evidence he has rejected and which he is relying on as the basis for his finding."); *Frankenfield v. Bowen,* 861 F.2d 405, 408 (3d Cir. 1988) (stating that "the medical judgment of a treating physician can be rejected only on the basis of contradictory medical evidence"). "In the absence of such an indication, the reviewing court cannot tell if significant probative evidence was not credited or simply ignored." *Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 119 (3d Cir. 2000) (citation omitted). In other words, the ALJ must review all of the pertinent medical evidence and "explain[] his conciliations and rejections." *Id.* at 122.

Moreover, when an ALJ finds that a treating physician's opinion does not merit controlling weight, the ALJ must perform a specific analysis to determine how much weight to afford the opinion. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). The Commissioner requires ALJs to consider the treatment relationship, the length of the treatment relationship, the

frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion offered by the medical evidence, consistency of the opinion with the record as a whole, and the specialization of the treating physician. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). After determining that the treating physician's opinion merited little weight, ALJ O'Leary failed to perform this analysis, contrary to the directions of the Commissioner. *See id.*; *Griffies v. Astrue*, 855 F. Supp. 2d 257, 272 (D. Del. 2012) ("[E]rror was committed by the failure to apply necessary factors in deciding how much weight to afford a non-controlling treating physician's opinion.").

Furthermore, Defendant's argument that the ALJ's determination was supported by the opinions of the State physicians and that Dr. Vitale's opinion was contradicted by the opinions of the State physicians is misplaced. (Def. Br. at 5-7). In fact, the ALJ stated that he considered "the finding of non-disability made by State agency medical consultants," which "opinions [were] weighed as statements from non-examining expert sources," and accorded them "little weight" as well. (R. at 17). The ALJ did not explain why he gave little weight to the State physicians' opinions nor did he point to specific medical evidence in the State physicians' opinions that directly contradicted Dr. Vitale's medical opinion. (R. at 17).

In according little weight to the opinions of both Dr. Vitale and the State physicians, the reviewing court is unable to identify what medical evidence was credited in determining that Ms. Alvarez has the residual functional capacity to perform the full range of sedentary work. Accordingly, a remand is necessary for a proper evaluation of all of the physicians' opinions.

**B. Claimant's Credibility**

The ALJ also made the following credibility determination: "the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the

12

alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." (R. at 17). To the extent this language has been criticized as "meaningless boilerplate" language by one circuit because it fails to link the conclusory statements with the objective evidence, *Shauger v. Astrue*, 675 F.3d 690, 696 (7th Cir. 2012), the analysis does not end here if the ALJ otherwise explains his credibility determination. When making a credibility determination that rejects a plaintiff's complaints of disabling pain as incredible, an ALJ "must consider the subjective pain and specify his reasons for rejecting these claims and support his conclusion with medical evidence in the record." *Matullo v. Bowen*, 926 F.2d 240, 245 (3d Cir.1990) (citation omitted).

Here, in addition to the boilerplate language, the ALJ explained that Ms. Alvarez's testimony about her ability to sit was consistent with the RFC and that she was able to engage in some daily living activities. (R. at 17). The ALJ, however, failed to adequately address the conflicting evidence in the record, including Mr. Alvarez's testimony that she could sit no more than 20-25 minutes at a time and similar findings from Dr. Vitale. (R. at 16, 41). It is further unclear what other evidence, if any, the ALJ may have considered in analyzing the claimant's symptoms and complaints. On remand, the ALJ should explain how he arrived at his determination regarding Plaintiff's credibility by specifying the reasons for rejecting the claims and supporting his conclusion with medical evidence in the record.

### C. Obesity

Finally, the ALJ did not mention Ms. Alvarez's obesity at any step in the five-step sequential disability decision. Throughout the five-step process, the ALJ is obliged to consider all of the alleged impairments individually and in combination. 42 U.S.C. § 423(d)(2) (B). But,

Plaintiff still bears the burden in the first four steps of the analysis of demonstrating how her impairments, whether individually or in combination, amount to a qualifying disability. *Burnett*, 220 F.3d at 118. Thus, an ALJ is not required to consider impairments that a claimant states she has for which the ALJ does not receive evidence. *Rutherford v. Barnhart*, 399 F.3d 546, 553 (3d Cir. 2005). Here, Ms. Alvarez does not point to anything in her medical records that states any such limitations associated with her weight. She did not specifically claim obesity as an impairment. Moreover, Ms. Alvarez did not specify how her obesity prevented her from performing a full range of sedentary work.

Although the Court is not persuaded that in this case the ALJ's analysis was deficient, the Court must nevertheless remand this matter for the reasons stated above.

## VI. Conclusion

For the foregoing reasons, ALJ O'Leary's decision is hereby vacated and this case is remanded for further proceedings consistent with this Opinion. An appropriate order shall accompany this Opinion.

s/*Esther Salas*
**Esther Salas, U.S.D.J.**